UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ANGELA R. M.,[1] | : Case No. 3:19-cv-268 |
| Plaintiff, | : |
| vs. | : District Judge Thomas M. Rose |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATIONS[2]

On March 23, 2020, Judge Rose granted the parties' joint request to remand this case to the Commissioner of Social Security for further proceedings. (Doc. #14). Subsequently, Plaintiff received an award of benefits under the Social Security Act. (Doc. #16, *PageID* #s 1107; 1119-20). This case is back before the undersigned on an unopposed motion by Plaintiff's counsel for an award of attorney's fees under 42 U.S.C. § 406(b)(1), in which counsel requests a fee award in the amount of $8,863.10. *Id*. at 1107. Defendant does not intend to dispute the reasonableness of the request. *Id.* at 1108.

In Social Security cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* 42 U.S.C. §§ 406(b)(1), 1383(d)(2). However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. *Id*. Furthermore, the attorney requesting a fee award must show,

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

and the Court must affirmatively find, that the contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Here, counsel's itemized statement indicates that she, her co-counsel, and her staff spent a total of 47.75 hours representing Plaintiff before this Court (16.50 hours for one attorney; 29.00 hours for a second attorney; and 2.25 hours for a staff member). (Doc. #16, *PageID* #s 1108, 1110-17).

Counsel's requested fee of $8,863.10 divided by the 47.75 hours spent working on the case, results in a hypothetical hourly rate of $185.61, a rate the Commissioner has not opposed.

Counsel's hypothetical billing rate fits comfortably within the range of fees judges in this district have found reasonable. *See, e.g.*, *Hensley v. Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-223, 2021 WL 117911, at *2 (S.D. Ohio Jan. 13, 2021) (collecting cases where hypothetical rates of $714.29 to $750 were considered reasonable). The time devoted by counsel to this matter is likewise reasonable. *See, e.g.*, *Spiller v. Comm'r of Soc. Sec.*, 940 F.Supp.2d 647, 652 (S.D. Ohio 2013) ("Without establishing a firm, bright line rule, the Court surveyed a large number of EAJA fees/costs petitions recently filed in this District, and found the general range of time expended on these cases is 15–25 hours"). Counsel's requested fee is therefore reasonable.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Motion for Attorney's Fees under the Social Security Act (Doc. #16) be **GRANTED**;

2. Plaintiff's counsel be **AWARDED** the requested sum of $8,863.10 in attorney's fees; and

3. This case remain **TERMINATED** on the Court's docket.

April 5, 2022

s/*Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).